IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SULLENA STATON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | NO. 25-4866 |
| et al. | : | |

MEMORANDUM

Bartle, J.                                              May 28, 2026

This action involves the claims of a mother whose placenta[1] was not returned to her after the birth of her child.

Plaintiff Sullena Staton has sued: the Commonwealth of Pennsylvania; Debra L. Bogen, in her official capacity as Secretary of the Pennsylvania Department of Health; and Jefferson Health-Abington Hospital and Jefferson Health Network ("Jefferson"). She alleges via 42 U.S.C. § 1983 that state regulations related to the disposal of placentas violate her constitutional rights to due process, liberty, the free exercise of religion, and "cultural practice." As to Jefferson, plaintiff asserts it disposed of her placenta in breach of

---

[1] The placenta is a temporary organ that forms in the uterus during pregnancy. It attaches to the wall of the uterus and provides nutrients and oxygen to the fetus through the umbilical cord. The placenta is expelled shortly after delivery. See Placenta, Merriam-Webster Medical Dictionary, https://tinyurl.com/3kfwcsn8 (last visited May 21, 2026); Placenta: How it works, what's normal, Mayo Clinic, https://tinyurl.com/3eezreab (last visited May 27, 2026).

contract under Pennsylvania law. The court has supplemental jurisdiction as to this claim pursuant to 28 U.S.C. § 1367.

Plaintiff seeks declaratory and injunctive relief against the Commonwealth and Dr. Brogan and her successors.  Her complaint pursues damages against Jefferson.

Before the court is the motion of the Commonwealth of Pennsylvania and Dr. Bogen to dismiss the second amended complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2]  Dr. Bogen, in the alternative, and Jefferson move to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

I

Federal Rule of Civil Procedure 12(b)(1) governs jurisdictional challenges to a complaint.  "When a motion to dismiss is based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction the accompanying defenses become moot and need not be addressed."  Walthour v. Herron, 2011 WL 1325981, at *1 (E.D.

---

[2]    The plaintiff has now conceded that the Eleventh Amendment bars her lawsuit against the Commonwealth of Pennsylvania.  It will be dismissed as a party.

Pa. Apr. 7, 2011) (citing Tagayun v. Stolzenberg, 239 Fed. App'x 708, 710 (3d Cir. 2007)).

To determine the correct standard of review under a Rule 12(b)(1) motion to dismiss, the court must first evaluate whether the defendant is submitting a facial or a factual challenge. Const. Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites. Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014). When a defendant invokes an Eleventh Amendment sovereign immunity defense in a Rule 12(b)(1) motion to dismiss, the motion is generally considered a facial attack. See, e.g., Urella v. Pennsylvania State Troopers Ass'n, 628 F. Supp. 2d 600, 604 (E.D. Pa. 2008); Scott v. Com. Dept. of Public Welfare, 2003 WL 22133799, *2 (E.D. Pa. Aug. 28, 2003); Nelson v. Com. of Pa. Dept. of Public Welfare, 244 F. Supp. 2d 382, 386 (E.D. Pa. 2002). The motion of defendant Bogen is based upon Eleventh Amendment sovereign immunity and is therefore a "facial" challenge. Accordingly, the court must accept the allegations in the complaint as true in ruling on the motion. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000); Urella, 628 F. Supp at 604.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted.  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation marks omitted)).  The court may also take judicial notice of matters of public record.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993)).

II

The facts taken in the light most favorable to the plaintiff, the non-moving party, are as follows:

Plaintiff gave birth to her son at Jefferson Health-Abington Hospital on August 23, 2021.  Prior to delivery, she

-4-

informed the hospital staff to retain her placenta "for personal cultural and spiritual purposes, including nutritional and ceremonial use consistent with her beliefs."  As a result, the hospital provided her with a "Patient Specimen Release Form" which she signed on August 22, 2021.  It provided for the release to her of her placenta.  After her son's birth the next day, plaintiff made repeated requests for its return.  Nonetheless, she was told that it "was taken away in a bucket-like storage container" and that a chemical powder had been poured on the top of the placenta which rendered it "permanently damaged and irretrievable."

### III

Dr. Bogen, the Pennsylvania Secretary of Health, who is sued in her official capacity, first seeks dismissal of the complaint for lack of subject matter jurisdiction.  She relies on the Eleventh Amendment to the Constitution which provides, "The Judicial power of the United States shall not be construed to extend to any lawsuit or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Despite the wording of the amendment, the Supreme Court has held that it also bars lawsuits in the federal court against a state by one of its own citizens.  Hans v. Louisiana, 134 U.S. 1, 9-10 (1890).  Absent consent by the state, waiver or congressional

-5-

abrogation, it is the general rule that a state, its agencies, or its officials in their official capacities may not be sued in the federal courts.  Virginia Off. for Prot. & Advoc. v. Stewart, 563 U.S. 247, 254-56 (2011).  Pennsylvania has not consented to suit and has not waived its immunity.  Nor has Congress intervened to abrogate the jurisdictional bar. Nonetheless, there is a narrow exception that allows state officials in their official capacities to be sued for prospective injunctive and declaratory relief.  Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); Ex Parte Young, 209 U.S. 123, 155-56 (1908).  No jurisdiction exists to grant injunctive or declaratory relief for past conduct.  Puerto Rico Aqueduct, 506 U.S. at 146.

Dr. Bogen contends that the disposal of plaintiff's placenta relates solely to past conduct that occurred at the time of the birth of plaintiff's child.  Plaintiff, a resident of Montgomery County, counters that she is seeking prospective relief only.  She maintains she is of child-bearing age, is actively planning another pregnancy, and intends to give birth in a Pennsylvania hospital.  Dr. Bogen does not challenge plaintiff's assertion.  Accordingly, to the extent plaintiff seeks prospective injunctive and declaratory relief, this court has subject matter jurisdiction over the claims against Dr.

Bogen in her official capacity as the Pennsylvania Secretary of Health.

IV

Dr. Bogen asserts that even if there is subject matter jurisdiction, the relevant Pennsylvania regulations on which plaintiff and Jefferson rely do not support a claim for relief against her as the regulations in issue allow for the return of the placenta to plaintiff.[3]  Plaintiff and Jefferson, in contrast, assert that the regulations prohibit the return of placentas.  The positions of plaintiff and Jefferson then diverge.  Plaintiff contends the regulations are unconstitutional but Jefferson does not.

Plaintiff and Jefferson first focus on a Pennsylvania regulation found at 28 Pa. Code § 147.74.  It provides:

> Pathological and bacteriological wastes,
> surgical and obstetrical wastes,
> contaminated wastes and similar materials
> shall be incinerated on the premises or
> disposed of by a method approved by the
> Department of Environmental Protection and
> in compliance with local regulations.

---

[3]    Dr. Bogen raises this argument for the first time in her reply brief.  The court allowed plaintiff to file a sur-reply brief to respond to the new argument.  Because plaintiff is not prejudiced by the court's determination as to the newly raised argument, it will consider this argument as part of the motion. See TriState HVAC Equip., LLP v. Big Belly Solar, Inc., 752 F. Supp. 2d 517, 529 n.8 (E.D. Pa. 2010).

This regulation does not make any specific reference to placentas. Rather, it speaks about "obstetrical waste." The question is whether a placenta is waste under the facts alleged here. The word "waste" connotes something which the owner is discarding or for which the owner has no further use. While it may be waste if the mother has no wish to retain it, it cannot be considered waste if the mother deems it to have some religious, spiritual or cultural value, makes that sentiment known to the hospital, and requests to retain it.

Jefferson also cites 28 Pa. Code § 135.15 which requires the labeling and transporting of tissue or exudates removed during a surgical procedure to the laboratory for examination by a pathologist. Under the regulation, a hospital may elect not to do so under certain circumstances. See § 135.15. Excepted from any required examination by a pathologist are "[p]lacentas that are grossly normal and have been removed in the course of operative and nonoperative obstetrics." See § 135.15(5). This regulation does not help Jefferson as Jefferson does not dispute that plaintiff's placenta was "grossly normal," that is that it was visibly normal.[4]

---

[4]    Jefferson also relies on 28 Pa. Code §§ 501.2(a) and 501.84. They apply only to birth centers. The plaintiff and Jefferson concede that Jefferson Health-Abington Hospital and Jefferson Health Network are not birth centers.

-8-

The cited Pennsylvania regulations do not bar the return of plaintiff's placenta and thus are not unconstitutional as applied.  Accordingly, the motion of Dr. Bogen to dismiss the second amended complaint will be granted.[5]

V

Jefferson argues that plaintiff has not stated a valid breach of contract claim because any agreement with plaintiff to provide her with her placenta violated Pennsylvania law, specifically the state regulations cited above.  Jefferson maintains that a court will not enforce such a contract and will leave the parties as it found them.  See Dippel v. Brunozzi, 74 A.2d 112 (Pa. 1950); Waverly Custom Homes, LLC v. Smith, 307 A.3d 644 (Pa. Super. Ct. 2023).

As explained above, the state regulations do not interfere with any right or request of plaintiff.  The contract between plaintiff and Jefferson to return her placenta under the circumstances pleaded does not violate any cited regulation of Pennsylvania.  Consequently, Jefferson's argument that the claim against it must be dismissed because the contract is void and

---

[5]    Dr. Bogen also argues that any claim against her is barred by the two-year statute of limitations.  Since plaintiff is not seeking damages against her but only prospective injunctive relief, the argument does not appear to be persuasive. Nonetheless, the court need not reach this issue as the claim against Dr. Bogen is being dismissed on other grounds.

-10-

unenforceable is without merit.  The court will retain

supplemental jurisdiction under 28 U.S.C. § 1367.