IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SULLENA STATON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JEFFERSON HEALTH-ABINGTON, et al. | : | NO. 25-4866 |

MEMORANDUM

Bartle, J. October 15, 2026

Plaintiff Sullena Staton has sued defendants Jefferson Health-Abington Hospital and Jefferson Health Network ("Jefferson") for breach of contract. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1367.[1] She alleges that she contracted with defendant to return her placenta to her after the birth of her son and that Jefferson failed to do so. She relies on a document entitled "Patient Specimen Release Form" which she signed on August 22, 2021. In her prayer for relief, plaintiff seeks the award of "compensatory and consequential damages against [Jefferson] . . . in an amount to be determined at trial, based on the unique personal, cultural and spiritual value of Ms. Staton's placenta." In addition, she asks the court to "[g]rant such other and further relief as the Court deems just, equitable, and proper."

1. The court has dismissed related federal claims against the Commonwealth of Pennsylvania and its Secretary of Health, Debra L. Bogan.

Before the court is the amended motion of Jefferson to preclude any claim by plaintiff for emotional distress damages related to the breach of contract claim. This motion seeks to preclude plaintiff from introducing evidence of emotional distress as part of her damages for her claim of breach of contract.[2] The pending motion is a motion in limine.[3] Luce v. United States, 469 U.S. 38, 40 n.2 (1984).

In Pennsylvania, it is the general rule that emotional distress damages are not recoverable for breach of contract. Gallagher v. Upper Darby Twp., 539 A.2d 463, 467 (Pa. Commw. Ct. 1988); Rodgers v. Nationwide Mut. Ins. Co., 496 A.2d 811, 815 (Pa. Super. 1985); Rittenhouse Regency Affiliates v. Passen, 482 A.2d 1042, 1043 (Pa. Super. 1984).

The parties have cited no case and this court has found none where the Supreme Court of Pennsylvania has ever held that emotional distress damages are recoverable in a breach of contract action. However, in D'Ambrosio, v. Pennsylvania

2. One of Jefferson's is that plaintiff has not pleaded emotional distress damages. The court construes the Second Amended Complaint of plaintiff as having done so. Under Rule 8(e) of the Federal Rules of Civil Procedure, "pleadings must be construed so as to do justice." Jefferson has not been prejudiced. From the early stage of this lawsuit, it has been on notice that plaintiff was seeking emotional distress damages. See Miller v. Philadelphia Geriatric Ctr., 463 F.3d 266 271-2 (3d Cir. 2006).

3. Discovery does not close until November 2, 2026. By ruling at this time, the court puts to rest significant disputes over the scope of discovery on damages.

National Mutual Casualty Insurance Co., 431 A.2d 966 (1981) the Court left the door open. There, a policyholder sued defendant for bad faith in denying an insurance claim. Id. at 967. He alleged counts in both trespass and assumpsit, that is for breach of contract, and sought emotional distress and punitive damages. Id. The Court upheld the dismissal of the trespass count on the ground that the state's Unfair Insurance Practices Act enforced by the Insurance Commissioner provided the sole remedy for unfair and deceptive insurance practices such as alleged by plaintiff. Id. at 970-972. In ruling that plaintiff had an adequate remedy in assumpsit, it noted in a footnote:

> The possibility cannot be ruled out that emotional distress damages may be recoverable on a contract where, for example, "the breach is of such a kind that serious emotional disturbance was a particularly likely result." Restatement (Second) of Contracts § 367 (Tent. Draft No. 14, March 1, 1979). The present record falls far short of establishing such a breach.

Id. at 970 n.5. Section 367 was the precursor to Restatement (Second) of Contracts § 353 (A.L.I 1981).

Section 353, which the Pennsylvania Supreme Court referenced by a different number in D'Ambrosio, precludes emotional damages except in very limited circumstances:

> Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional

> disturbance was a particularly likely
> result.

Restatement (Second) of Contracts (A.L.I 1981).

The Restatement gives examples in Comment a. of cases which fit into the second exception. They are contracts for the proper disposition of a dead body, contracts for the carriage of messages concerning death, and contracts of carriers and innkeepers with passengers and guests. Restatement (Second) of Contracts § 353 cmt. A (A.L.I 1981).

In cases decided since D'Ambrosio, the Commonwealth Court in Gallagher and the Superior Court in Rittenhouse assumed that § 353 is part of the law of Pennsylvania, although finding it inapplicable in those particular cases. Gallagher, 539 A.2d at 467; Rittenhouse 482 A.2d at 1043. In Gallagher, the plaintiff sued a plumbing contractor, among others, for breach of contract for failing to stop the backup and overflow of her sewer line onto her property. 539 A.2d at 464. She claimed emotional distress and was ultimately hospitalized for treatment for acute paranoid schizophrenia. Id. at 465. The Court held that "failure to correctly diagnose a sewage blockage problem is not particularly likely to result in mental suffering or emotional distress." Id. at 467 (emphasis in original). In Rittenhouse, a tenant has sought emotional damages in connection with her landlord's alleged breach of the lease. 482 A.2d at

1042-43. The Court explained, in denying such recovery, that the misconduct alleged was not so extreme in degree as to go beyond all possible bounds of decency. Id. at 1043.

In contrast, the Superior Court in Rodgers, decided before Gallagher but after Rittenhouse, stated that § 353 has not been adopted in Pennsylvania. 496 A.2d at 815. It cited the concurring and dissenting opinion of Justice Robert N. C. Nix in Mason v. Western Pennsylvania Hospital, 453 A.2d 974, 979-80 (Pa. 1982) in which he stated that he was mindful that § 353 has not been adopted but added that "the possibility exists that certain circumstances may warrant a recovery for emotional distress under [a contract] claim."[4] The plaintiff in Rodgers had sued Nationwide, his insurer, and its inhouse lawyer for allowing a default judgment to be entered against him in an automobile accident case in which he had been sued. 496 A.2d at 812. Plaintiff claimed that the default judgment not only damaged his credit but caused great humiliation, embarrassment

4. In Mason, plaintiff sued defendant and her physician in trespass for negligence and in assumpsit for breach of express and implied warranties in connection with a failed sterilization operation. 453 A.2d. at 975-76. Plaintiff subsequently became pregnant and gave birth to a child. Id. She sought her medical expenses and loss wages, damages for pain and suffering during the prenatal and postnatal periods and damages for emotional distress and expenses for raising the child until the age of maturity. Id. The Court held that the financial and emotional costs of raising a healthy child are not compensable. Id. Such damages would be against public policy. Id.

and emotional distress. Id. The Court further opined that even if § 353 had been adopted, it could not be concluded in that case that emotional disturbance was a particularly likely result. Id. at 815-16. See also Fennell v. Nationwide Mut. Fire Ins. Co., 603 A.2d 1064, 1068 (Pa. Super. Ct. 1992).

Our Court of Appeals has also recognized that emotional distress damages are ordinarily not allowed under Pennsylvania law in breach of contract actions, absent physical injury or impact. Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 147 (3d Cir. 2000). There, a professor sued Pennsylvania State university , his employer, for terminating him. Id. at 136. Among other claims, he sued for breach of contract and sought damages for mental anguish as a result of his depression allegedly caused by the breach. Id. at 146-47. The Court of Appeals held that the District Court did not err in excluding this evidence. Id.

As this court is applying Pennsylvania's substantive law, it must predict how the Commonwealth's highest court would decide the issue at hand. Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 45-46 (3d Cir. 2009). It must take into account relevant precedent, dicta and other reliable data. Id. In this court's view, the Pennsylvania Supreme Court would follow the general rule that emotional damages are not recoverable in contract cases. It has not adopted § 353, and it is extremely

unlikely that it would do so at this time and apply § 353 to the facts advanced here. Plaintiff did not suffer any bodily harm, and the alleged contract does not fit within any of the other examples described in Comment a. to § 353 of the Restatement. While contracts for the proper disposition of dead bodies allow for distress damages under § 353, plaintiff concedes that she "does not equate a placenta with a decedent's remains." See Plaintiff's Response in Opposition to the Jefferson Defendants' Amended Motion to Preclude Claim for Emotional Distress Damages, p. 6 (Doc. #59).

In opposing to the pending motion, plaintiff stresses her allegations that her placenta had personal, cultural, and spiritual value to her and that she suffered emotional distress when it was not returned to her. Even if true, her subjective reaction to the alleged breach of contract is not relevant to the issue before the court. In Pennsylvania, emotional distress damages are generally not recoverable in a breach of contract action. Whether emotional distress damages would ever be recoverable would depend on the type of contract or breach alleged, not on the plaintiff's emotional or mental state. The standard set forth in § 353 is an objective one. No case suggests that the application of § 353 or the allowance of emotional distress damages would be decided based on the effect of the breach on the particular plaintiff without regard to the

type of contract or breach involved. Otherwise, the floodgates would be open to emotional distress damages in virtually every breach of contract action. In Gallagher for example, the plaintiff alleged the breach of contract caused hospitalization for schizophrenia and in Nicholas the breach allegedly caused plaintiff's depression. Gallagher, 539 A.2d at 465; Nicholas, 227 F.3d at 146-47. In both, the right to emotional distress damages was rejected.

The court concludes that the Pennsylvania Supreme Court would deny plaintiff the right to recover emotional distress damages in this action. It would not deem the breach of a contract to return a placenta, generally considered to be medical waste,[5] to be an exception to the general rule on contract damages.

Accordingly, the court will grant the motion of Jefferson to preclude plaintiff from claiming emotional distress damages.

5. See 28 Pa. Code §§ 147.74 and 501.84 (2026).